Date signed October 26, 2012



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(at Baltimore)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES C. SUNSTROM and | ) | Case No. 11-31097-DER |
| MARY LEE SUNSTROM, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The debtors, James C. Sunstrom and Mary Lee Sunstrom, commenced this case on October 24, 2011 by filing a Chapter 13 petition in this court. The case was converted to one under Chapter 7 on January 10, 2012. On April 12, 2012, Commerce First Bank ("Commerce") filed an objection [Docket No. 83] (the "Objection") to the claim of an exemption made by the debtors in certain property with a total value of $54,500 as exceeding the maximum available exemptions ($24,000 for joint debtors) allowed under Ann. Code of Maryland, Courts and Judicial Proceedings (hereafter "CJP"), § 11-504(b) and (f). The debtors filed a response [Docket No. 91] stating that Commerce included in its calculation of the amount exempted by

the debtors under CJP §11-504(b) and (f) two bank accounts in the amount of $27,071.29[1] that the debtors claimed as exempt under CJP § 11-504(h) as interests in a retirement plan.  Thus, the debtors assert that their exemptions do not exceed the amount allowed under CJP § 11-504(b) and (f).  Commerce filed a reply on May 21, 2012 [Docket No. 96] countering that the funds at issue were held by the debtors in bank accounts, not qualified retirement plans, and had not been rolled over within the sixty day grace period under the Internal Revenue Code as discussed in Wolff v. Gibson (In re Wolff), 300 B.R. 866 (D. Md. 2003).

At an evidentiary hearing on the Objection held on June 25, 2012, the Chapter 7 trustee supported Commerce's position objecting to the exemptions.  James Sunstrom was the only witness called to testify at the hearing.  Following the hearing, the court requested supplemental legal memoranda from all the parties on the application of CJP § 11-504(h) to the bank accounts in question, the last of which was received on August 10, 2012 [Docket Nos. 108, 112, and 113].  For the reasons that follow, the Objection will be overruled and the exemptions claimed by the debtors will be allowed.

## Jurisdiction

The court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2).  This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure).

---

[1]  James Sunstrom testified at the hearing that this amount represented the balance in the accounts on the day the debtors filed their petition.  He also testified, however, that on the day of the hearing the accounts had balances totaling approximately $17,000.00.

**Facts**

There is no dispute as to the material facts in this case. The debtors are both retired and have been for many years. Commerce holds confessed judgments against the debtors on account of guarantees they signed for a business loan to their son. The business ultimately failed and Commerce sought to enforce the guarantees against the debtors by sale their real property known as 132 Dales Way Drive, Pasadena, Maryland; that action led to the filing of this case. The debtors claim an exemption in a checking and a savings account at Bank of America (the "Bank Accounts") pursuant to CJP § 11-504(h), as assets payable from a qualified retirement plan. James Sunstrom testified at the June 25, 2012 hearing that all income of the debtors since September of 2007 was received from social security, pensions, and IRA's. The evidence at the hearing was clear, and the court finds, that the only source of the funds deposited into the Bank Accounts was distributions from qualified retirement plans or social security.[2]

**Discussion of Issues**

Although exemptions are to be liberally interpreted to allow debtors a fresh start, open-ended exemptions with no monetary limit, such as those in CJP § 11-504(h), must be carefully construed. In re Chapman, 68 B.R. 745, 747 (Bankr. D. Md. 1986) (citing In re Howland,

---

[2] Although the parties did not raise the argument that funds from social security are not exempt under §11-504(h) like funds in pensions, IRA's and 401k's, social security funds are nonetheless exempt from execution and excluded from the bankruptcy estate under federal law. 42 U.S.C. § 407 ("[T]he right of any person to any future payment under [the Social Security Act] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."). Section 407 "is an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by the debtor." Carpenter v. Ries (In re Carpenter), 614 F.3d 930, 936 (8th Cir. 2010); accord Anderson v. Cranmer (In re Cranmer), 2012 U.S. App. LEXIS 22141 (10th Cir. Oct. 24, 2012) ("Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate.") (citing Collier on Bankruptcy §522.09[10][a], n.76 (16th Ed. 2012)).

27 B.R. 896 (Bankr. D. Md. 1983) (while exemption statutes are to be liberally construed, "such an interpretation does not and cannot apply to an open-ended exemption without monetary limit")). Because it is an unlimited monetary exemption, § 11-504(h) must be construed carefully in order to balance (i) the legislative intention of protecting the fresh start of debtors while preventing them from becoming a charge upon the public, against (ii) the right of creditors to be paid. See, Solomon v. Cosby (In re Solomon), 67 F.3d 1128, 1133 (4th Cir. 1995) ("[T]he very purpose of retirement and pension plans [is] to ensure that workers have sufficient funds with which to support themselves and their dependents during their retirement years.").

      The Bankruptcy Appellate Panel for the Tenth Circuit has considered whether funds already paid from a qualified retirement plan maintain their exempt status and held that the funds at issue there did not maintain their exempt status once they had been transferred out of the protected plan and into a bank account. In re Carbaugh, 278 B.R. 512 (10th Cir. BAP 2002). In Carbaugh, the Tenth Circuit BAP rested its decision on the word "payable" in the applicable exemption statute, which it determined referred only to funds to be paid in the future, not to funds already paid. Id. at 523.

      Commerce and the Chapter 7 Trustee invite this court to adopt the reasoning of the Tenth Circuit BAP in Carbaugh. Considered in isolation, following Carbaugh might appear to be a sound choice; the Tenth Circuit BAP had before it an exemption statute that not only had wording similar to the Maryland statute, but also used the term "payable." Other persuasive authority, however, suggests that this court should decline that invitation.

      This issue has been considered by the United States District Court for the District of Maryland. In her opinion in Wolff v. Gibson (In re Gibson), 300 B.R. 866 (D. Md. 2003), Chief Judge Chasanow analyzed whether funds disbursed from a qualified retirement plan, but rolled

~ 4 ~

post-petition into another such plan during the 60-day grace period under the Internal Revenue Code, could be claimed as exempt under § 11-504(h).  In that instance, the court found that the funds were exempt.

In its memorandum, Commerce argues that its contention that disbursed funds lose their exempt status once the 60-day grace period expires is supported by Wolff.  To the contrary, Wolff supports the argument made by the debtors that the exemption continues after expiration of that period.  Although the Wolff decision does not directly apply here because the 60-day grace period has long passed as to the funds in the Bank Accounts, the Wolff opinion favorably discusses in dicta the reasoning of a Florida court that found "under an exemption scheme almost identical to the Maryland scheme," that traceable funds maintained their exempt status indefinitely regardless of having been deposited into a debtor's checking account.  Id. at 871 (discussing In re Ladd, 258 B.R. 824 (Bankr. N.D. Fla. 2001)).

In Wolff, Chief Judge Chasanow states that, by adopting an exemption for funds "payable," the Maryland legislature intended to protect retirement funds to a broader degree than the federal scheme (which only exempts a debtor's "right to receive" funds).  Her opinion goes on to point out that other judges of this court have found the term "payable" to include funds that have already been disbursed to a debtor.  Id. (citing In re Kleinman, 274 B.R. 171 (Bankr. D. Md. 2002)).  See also, In re Heck, 2006 Bankr. LEXIS 4371 (Bankr. D. Md. 2006).

This case essentially requires this court to make a choice between the two conflicting lines of persuasive authority from outside the Fourth Circuit represented by Carbaugh and Ladd.  Chief Judge Chasanow's opinion in Wolff, which has not been questioned in the almost ten years since it was decided, suggests that this Court should adopt the view expressed in Ladd.  Under that view – which the Court adopts here – the funds in the Bank Accounts are entirely traceable

to distributions from qualified retirement plans or social security, and are thus either exempt or excluded from the bankruptcy estate under CJP § 11-504(h) or 42 U.S.C. § 407.

## Conclusion

For these reasons an order will be entered that overrules the Objection and allows the exemption in the Bank Accounts claimed by the debtors.


cc:     Debtors
        Debtors' Counsel - John C. Schropp, Esq.
        Creditor - Commerce First Bank
        Creditor's Counsel - Christopher L. Hamlin, Esq.
        U.S. Trustee
        Chapter 7 Trustee - Charles R. Goldstein
        Trustee's Counsel - Angela L. Shortall, Esq.


**-- END OF OPINION --**